[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this habeas petition, the petitioner claims that his confinement is illegal on the basis that he was denied the effective assistance of counsel in violation of his State and Federally protected constitutional rights. By an amended petition dated May 31, 1995, the petitioner claims that his counsel's performance was ineffective in that he advised the petitioner that, due to his drug dependency, he should plead guilty and that CT Page 2586 he would receive a sentence of eighteen months but, "not to mention it to the judge." Amended Petition, paragraph 5.A. He also alleges that at the time of his change of plea to guilty, his counsel told him that "the State would not go along with it, but the Petitioner should plead guilty any way and it would be worked out at the time of sentencing." Amended Petition, Paragraph 5.B. Finally, he claims that his counsel failed to have him evaluated for drug dependency to negate the issue of his status as a non-drug dependent person at the time of the offense.
The hearing on this matter took place on January 17, 1996, January 19, 1996, and February 6, 1996. In addition to the testimony of several witnesses, the court received a number of exhibits, including transcripts of the petitioner's plea and sentencing, a CADAC report, a Veteran's Administration Hospital report, an Office of the Public Defender completed client intake form dealing with the petitioner, the petitioner's Pre-sentence Investigation Report, and his Judgment Mittimus. Based on all the evidence adduced at the hearing, the court makes the following findings and order.
The petitioner was sentenced on September 2, 1994 in the Judicial District of Litchfield to a sentence of twelve years, suspended after serving seven years of confinement and five years probation for the crime of Sale of Narcotics in violation of Connecticut General Statute 21a-278(b). Additionally, he received a sentence of one year to serve for the crime of Interfering with a Police Officer in violation of 53a-167a, with the one year sentence to be served concurrently with the sentence on the drug offense. These sentences were ordered to be served concurrently with a sentence he was then serving resulting from a conviction in the Judicial District of Fairfield in Bridgeport.
The petitioner is currently an inmate in the custody of the Commissioner of Corrections.
In the criminal proceedings, the petitioner was represented by Attorney Carl Eisenmann, who was then the Public Defender for the Litchfield Judicial District. The State was represented by Senior Assistant State's Attorney Guy W. Wolf III.
On July 19, 1994, the petitioner entered guilty pleas pursuant to the Alford doctrine in Docket CR-94-82054 to the charge of Sale of Cocaine in violation of C.G.S. 21a-278(b), and to the charge of Resisting Arrest in violation of C.G.S. 53a-167a. CT Page 2587 At the time of the plea, Atty. Wolf informed the court that the State and the petitioner had entered into a sentencing agreement. Atty. Wolf recited the terms of the agreement as well as the mandatory minimum and maximum period of confinement to which the petitioner's conviction would subject him. Once Atty. Wolf had explained the plea agreement to the court, the court asked the petitioner if he had the same understanding of the intended sentence as recited by Atty. Wolf. He answered, "Yes, sir." Petitioner's Exhibit B, T. 4 (July 19, 1994). Additionally, when the court asked him if any unfulfilled promises had been made to him, he replied, "No, sir." Id.
At the habeas hearing, the petitioner testified that Atty. Eisenmann had told him that he could receive a sentence of eighteen months to serve concurrently with the sentence he was then serving. Atty. Eisenmann testified, and the court finds, that he never made such a representation. The court does not believe this assertion by the petitioner. The claim is without merit.
Similarly, the court finds no credence to the petitioner's claim that Atty. Eisenmann told him just to plead guilty and that the issue of how much time he would have to serve would be worked out at the time of sentencing. The transcript of the court's canvass at the time of the petitioner's plea makes it clear that there was a sentencing agreement at the time of plea. At sentencing, the court accepted the agreement and sentenced the petitioner accordingly. The petitioner, an experienced criminal defendant, understood the agreement, and willingly and knowingly plead guilty to the charges for which he was convicted and subsequently sentenced.
The petitioner's claim that Atty. Eisenmann failed to have him evaluated for drug dependency to negate his status as a non drug-dependent person at the time of the offense is unsupported by the evidence. At his counsel's request, the petitioner was, in fact, evaluated for drug dependency. At a time when the charges were still pending in the G.A. Court, and on motion of his counsel, the defendant was referred to the (then) Connecticut Alcohol and Drug Abuse Commission (CADAC) for a determination of alcohol or drug dependency at the time of his offense. Based on self reporting by the petitioner, the CADAC investigator reported her opinion that the petitioner was drug dependent upon Cocaine at the time of the offense. It is clear, however, that the petitioner made a number of misstatements to the CADAC evaluator. CT Page 2588 He told her he had never before had drug treatment. He told her he had never before been arrested. In fact, he had undergone previous drug treatment. And, at the time of his arrest for these offenses, he was not only on parole, but in violation of the terms of his parole. At the habeas hearing, the petitioner acknowledged that he lied to the CADAC investigator because he had not yet been found by the system. Indeed, when he was first arrested, he gave a false name and social security number to avoid detection as a parole violator.
Atty. Eisenmann, whom the court finds to be an experienced criminal defense attorney, testified that CADAC reports can have two useful purposes in the representation of criminal defendants. He indicated that they can be used in plea negotiations with the State's Attorney in an effort to obtain reduced charges as well as a more favorable sentencing recommendation in return for a guilty plea. Additionally, Atty. Eisenmann indicated that the report can be used at the criminal trial in order to convince the fact finder that the defendant, if culpable for the offense, was nevertheless drug dependant at the time of the occurrence. As to the former, Atty. Eisenmann testified that the CADAC report was of no practical usefulness since it demonstrated his client's untruthfulness. The court agrees. It is absurd to consider that Atty. Eisenmann should have urged Atty. Wolf to rely on this report which was so palpably pockmarked by the petitioner's deceptions. As to the latter, Atty. Eisenmann testified that his client did not want to go to trial. He wanted the best deal he could get through plea negotiations. At the habeas hearing, the petitioner produced no credible evidence that he would have risked trial in order to lay before a fact finder his claim of coincidental drug dependence.
During the habeas hearing, David Chambers, an experienced drug and alcohol abuse counselor, gave an opinion, based upon his review of the petitioner's health records, the police report, and the petitioner's Pre-sentence Investigation Report that the petitioner was drug dependent at the time of his offenses. The issue before the court, however, is not whether or not the petitioner was drug dependent at the time of his criminal behavior. He had his opportunity to advance that claim at trial should he have pursued his right to have a trial. It is clear to the court from the habeas testimony that while Atty. Eisenmann attempted to utilize the petitioner's alleged drug dependency as mitigation in plea discussions, Atty. Wolf considered the petitioner a serious violent criminal, and he had no inclination CT Page 2589 to reduce the charges or the proposed sentence based on the petitioner's drug dependency. The court notes, additionally, that at the time of his guilty pleas to two charges, the petitioner had a total of fifteen criminal charges pending against him, and he was in the midst of serving a previously imposed sentence. He was thus serving "dead time" while these charges were pending, receiving no pretrial credit. As a result of the plea agreement, the petitioner was permitted to plead to two charges and he achieved sentences to run concurrently with the sentence he was then serving.
In order to succeed in a habeas petition based on a claim of ineffective assistance of counsel, a petitioner has a two-pronged requirement: he must demonstrate that his counsel's performance was deficient, and he must show that he was prejudiced by his counsel's deficiency. Strickland v. Washington, 466 U.S. 668
(1994). Bunkley v. Commissioner of Correction, 222 Conn. 444
(1992). In this case, the petitioner has proven neither prong of the test. Indeed, the court finds this petition devoid of merit.
For the reasons stated, the petition is dismissed.
Bishop, J.